# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTOPHER PFEIFFER,<br><br>　　　　　Respondent. | No. 2:18-CV-1749-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss the petition (ECF No. 11) as successive, as time barred and, for failure to raise a cognizable federal habeas claim.

///
///
///
///
///
///
///
///

1

# I. BACKGROUND

## A. <u>Procedural History</u>

Petitioner is currently serving a forty-nine year sentence after a conviction of attempted first degree residential robbery, attempted carjacking, assault with a firearm, burglary, first degree robbery, unlawful driving or taking of a vehicle, assault with a semiautomatic firearm, second degree robbery, attempted second degree robbery, and carjacking. ECF Nos. 1 and 11.

### 1. <u>Relevant State Court Proceedings</u>

On September 25, 2001, Petitioner filed a petition for a writ of habeas corpus in Sacramento Superior Court, which was denied on November 29, 2001. ECF Nos. 12-5 and 12-6. On November 28, 2004, Petitioner filed a second petition for a writ of habeas corpus in the Sacramento Superior Court, which was denied as untimely on January 25, 2005. ECF Nos. 12-7 and 12-8. On March 9, 2005, Petitioner filed a third petition for a writ of habeas corpus in the California Supreme Court, which was denied on February 22, 2006. ECF Nos. 12-9 and 12-10. On October 8, 2015, Petitioner filed a petition for resentencing pursuant to Proposition 47 in the Sacramento County Superior Court, which petition was denied on October 16, 2015. ECF Nos. 12-11 and 12-12. On December 16, 2015, Petitioner filed his notice of appeal of the October 16, 2015, denial in the California Court of Appeal, Third Appellate District, which affirmed the judgment on May 25, 2016. ECF Nos. 12-13 and 12-14. On February 26, 2017, Petitioner filed a petition for a writ of habeas corpus in the Sacramento County Superior Court , which was denied on April 21, 2017. ECF No. 12-15 and 12-16. On January 9, 2018, Petitioner filed a petition for resentencing pursuant to Senate Bill 620 in Sacramento County Superior Court, which was denied on February 16, 2018. ECF No. 12-17 and 12-18. On March 4, 2018, Petitioner filed a petition for a writ of mandate in the California Court of Appeal, Third Appellate District, which was denied on March 15, 2018. ECF Nos. 12-19 and 12-20. On March 22, 2018, Petitioner filed a petition for review in the California Supreme Court, which was denied on May 9, 2018. ECF Nos. 12-21 and 12-22.

///

///

2. Federal Proceedings

Petitioner filed his first federal habeas petition on March 1, 2006, which was dismissed as untimely on September 14, 2007. ECF No. 23-30. Petitioner filed his second federal habeas petition on September 14, 2017, which was dismissed without prejudice as successive on May 1, 2018. Id. Petitioner filed this action on June 4, 2018. ECF No. 1.

**B. Habeas Claim**

Petitioner asserts he is entitled to resentencing pursuant to Senate Bill 620. ECF No. 1 at 6. Petitioner argues that in order to receive resentencing under Senate Bill 620 he need only challenge his sentence, requesting resentencing. Id. Petitioner claims that the state court incorrectly denied his motion for resentencing, and now seeks relief through federal habeas. Id.

## II. DISCUSSION

Respondent argues the petition should be dismissed because it is successive, because it fails to state a cognizable federal habeas claim, and because it is time bared. First, Respondent argues Petitioner has filed two prior petitions for a writ of habeas corpus in federal district court challenging this very conviction and sentence. Respondent asserts these prior petitions render this current petition successive. Respondent also argues the petition fails to state a cognizable federal habeas claim as it asks this Court to impermissibly challenge a state court's interpretation of state law. Further Respondent argues the case is time barred.

**A. Successive Petition**

Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See Id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a

3

second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits because the possibility of returning to court following exhaustion exists and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). The dismissal of a petition as untimely, however, does constitute a decision on the merits because such a dismissal is a determination that the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Likewise, the denial of a petition on procedural default grounds is also a determination on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

The petition pending before this Court is the third habeas petition filed in federal district court by Petitioner. The petition here, as the prior two, seeks to challenge his sentence for attempted first degree residential robbery, attempted carjacking, assault with a firearm, burglary, first degree robbery, unlawful driving or taking of a vehicle, assault with a semiautomatic firearm, second degree robbery, attempted second degree robbery, and carjacking. Petitioner asserts that despite this fact, the petition is not successive as the current petition seeks to challenge the denial of resentencing under Senate Bill 620, not simply the original sentence itself. This Court disagrees. As Respondent correctly points out, there is no indication that a denial of resentencing under Senate Bill 620 is itself an appealable post judgment order. For that reason, the denial of resentencing under Senate Bill 620 does not result in a new or intervening judgment. Without a new or intervening judgment Petitioner can only be challenging his original conviction, which he

has done in two prior habeas petitions before the District Court. Thus, this Court concludes Petitioner's petition for a writ of habeas corpus is successive and should be dismissed because it was filed without obtaining prior leave from the Court of Appeals to do so.

**B.     Federal Habeas Claim**

Even if Petitioner's petition was not successive, dismissal would still be proper as the petition fails to state a cognizable habeas claim. Petitioner claims he should be resentenced based on recent changes to the California penal code pursuant to Senate Bill No. 620.[1] Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court ... in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

Here, Petitioner claims that California Senate Bill No. 620 should apply to his case retroactively. Petitioner is challenging the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir.

---

[1] California State Legislation relating to sentencing enhancements in felony cases for firearm use.

5

1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.") Petitioner fails to state a cognizable federal habeas claim and the petition should be dismissed. This is because the California state courts have, in applying the state law at issue here—Senate Bill 620—determined Petitioner is not eligible for state law relief. Though Petitioner seeks to challenge the California state courts' interpretation and application of California state law, this Court has no authority in habeas to address such a challenge.

But even if Petitioner did state a cognizable claim for relief, relief is not available to him. In several unpublished decisions, the California courts of appeal have held that Senate Bill No. 620 applies retroactively only to judgments in criminal cases that were not final as of the Bill's effective date of January 1, 2018. See e.g., People v. Lewis, No. D071434, 2018 WL 1354753, at *8 (Mar. 16, 2018); People v. Crockett, No. 267614, 2018 WL 914883, at *12 (Feb. 16, 2018); People v. Wilson, No. B289638, 2018 WL 4560933, at *1 (Sept. 24, 2018). The California Court of Appeal affirmed Petitioner's conviction on May 8, 2001, and the California Supreme Court denied review on July 18, 2001, well before January 1, 2018. Accordingly, Petitioner would not be entitled to retroactive application of Senate Bill 620.

**C.      Time Bar**

Because the Court finds that the petition is successive and that even if the petition were not successive it fails to state a cognizable federal habeas claim, it is not necessary to address the timeliness issue.

///
///
///
///
///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss (ECF No. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 7, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE